W. F. NORMAN ET AL. v. R. D. THOMPSON ET AL.

No. 1174. Decided February 16, 1903.

1.—Local Option Law—Contested Election—Posting Notice.

A contest of an election for local prohibition of the liquor traffic, under art. 3397, Rev. Stats., involves only the things done on election day, as distinguished from those preparatory to the election, and failure to post one of the notices required by the statute for twelve days prior to election can not be considered as a ground for such contest. (Pp. 253, 254.)

2.—Conflict of Decisions—Court of Criminal Appeals.

The contest of an election under art. 3397, Rev. Stats., concludes no question which may be involved in a prosecution for a violation of the law after it has been declared in force and its issues are not affected by the rulings of the Court of Criminal Appeals on such questions. (P. 254.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*Looney & Clark*, for appellants.—The local option law, being for a particular locality only, is a quasi local or special law and depends for its validity upon its adoption in strict conformity with the law permitting its adoption. Donald v. State, 15 Texas Crim. App., 25; Prather v. State, 12 Texas Crim. App., 402; Akin v. State, 14 Texas Crim. App., 142; McMillan v. State, 18 Texas Crim. App., 375.

The posting of at least five copies of the order for at least twelve days prior to the election in the places required by law is a jurisdictional fact without which the people have no authority to assemble and vote and the election is void. Bowman v. State, 38 Texas Crim. Rep., 15; James v. State, 21 Texas Crim. App., 356; Irish v. State, 34 Texas Crim. Rep., 130; Shields v. State, 38 Texas Crim. Rep., 252; Voss v. Terrell, 12 Texas Civ. App., 439; Swenson v. McLaren, 2 Texas Civ. App., 331; Ex parte Kramer, 19 Texas Crim. App., 124; Smith v. State, 19 Texas Crim. App., 444; Frickie v. State, 40 Texas Crim. Rep., 626.

The local option law can only be enforced by the criminal courts. The Court of Criminal Appeals being a court of last resort in criminal cases, the construction placed by it upon the statute is binding upon the civil courts. Green v. Southard, 94 Texas, 470; Adams v. Kelley, 17 Texas Civ. App., 479; Voss v. Terrell, 12 Texas Civ. App., 439.

*C. E. Mead*, for appellees.—Elections are the ultimate expression of the sovereign will. When fairly expressed—that is, free from taint of fraud or charge of improper conduct—it becomes the duty of the courts to sustain them where it can be done by a liberal construction of the laws relating to elections, rather than defeat them by requiring a rigid construction of law, and this applies to a local option election with the same force as to a general election. Ex parte White, 33 Texas Crim. Rep., 594; Davis v. State, 12 S. W. Rep., 961; Fowler v. State, 68 Texas, 35; Snead v. State, 40 Texas Crim. Rep., 262; McKinney v. O'Conner, 26 Texas, 5; Truesdell v. Bryan, 1 Texas Ct. Rep., 40.

Mere irregularities that do not tend, or in fact show, that the fair expression of the will of the people has been defeated, will not defeat the election; the statutory requirements are always treated as directory unless the law, either expressly or in effect, makes them essential to the validity of the election law. Roper v. Scurlock, 69 S. W. Rep., 456; Fowler v. State, 68 Texas, 35; McKinney v. O'Conner, 26 Texas, 4; Hunnicutt v. State, 12 S. W. Rep., 109; Ewing v. Duncan, 81 Texas, 230; Snead v. State, 40 Texas Crim. Rep., 262; Ex parte Williams, 35 Texas Crim. Rep., 75; Ex parte Schilling, 38 Texas Crim. Rep., 287; People v. Cook, 8 N. Y., 63; Piatt v. People, 29 Ill., 72.

The only purpose the Legislature had in providing that copies of the order of the commissioners court ordering a prohibition election should be posted in public places in the district affected, is to inform the voters of the time and purpose of the election, to the end that the people might assemble at the proper time and place, and vote intelligently upon the question, and if the great body of the people are fully informed of the time and purpose of the election, and do assemble at the proper time, and there is a full, fair and honest expression of the legal voters on the question, and there is no fraud shown, then the legislative intent has been fully carried out, and the election should not be held void, although the notice has not been given in the particular mode set out in the statute. Rev. Stats., arts. 3387, 3390, 3397; Voss v. Terrell, 12 Texas Civ. App., 439; McCrary on Elections, 4 ed., secs. 176, 179, 180; Mechem, Public Officers, sec. 174; 10 Am. and Eng. Enc. of Law, 2 ed., 626-629, 630, 632; Wilson v. Brown, 58 S. W. Rep., 595; Wheat v. Smith, 50 Ark., 266; Foster v. Scarff, 15 Ohio St., 532; Sterrett v. McAdams, 34 S. W. Rep., 903, 99 Ky., 37; Little v. Langlie, 32 Law. Rep. Ann., 727, 5 N. D., 594; Berge v. Lansing, 35 Law. Rep. Ann., 130, 46 Neb., 514; Perry v. Hackney, 90 N. W. Rep., 483; Mize v. Speight, 82 Ga., 397; People v. Chandler, 41 N. Y. App. Div., 178; In re Rolwey, 70 N. Y. Supp., 208; Kirkland v. Guinn, 26 Texas Civ. App., 39; Seymour v. Tacoma, 6 Wash., 427; State v. Doherty, 16 Wash., 382; Demaree v. Johnson, 50 N. E. Rep., 376; People v. Avery, 102 Mich., 572; State v. Carroll, 17 R. I., 591; 23 Am. and Eng. Enc. of Law, 1 ed., 453, 454, 455, 463 and notes; Cooley's Const. Lim., 6 ed., 89-92, 776-778.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Fifth Supreme Judicial District, as follows:

"An election was held throughout Hunt County on May 3, 1902, to determine whether or not the sale of intoxicating liquor should be prohibited in said county. The election resulted in favor of prohibition. On May 29, 1902, W. F. Norman, J. A. Brown and Jim Beckham filed in the District Court of Hunt County their petition to contest said election, R. D. Thompson, the county judge of the county, being made contestee. It was alleged in the petition that the contestants were resident citizens, qualified voters and property owners of said county, and

that they were engaged in business in said county as retail liquor dealers and had procured licenses to carry on such business as required by law, which licenses had not expired. As ground of contest it was charged that only four copies of the order of election were posted for twelve days prior to the day of election. The contestee replied that if such was the case the fact did not affect the result of the election, and that the voters of the county had actual notice of the election and participated therein. The contestants demurred to this plea of the contestee on the ground that the posting of statutory notices for the time and in the manner required by law is a jurisdictional fact, without which under our law no legal local option or prohibition election can be held. The demurrer was overruled and exception duly reserved. The case was tried before the court without a jury and judgment was rendered in favor of the contestee, from which judgment the contestants have prosecuted an appeal to this court. There is no statement of facts in the record. At the request of the parties, the trial judge filed conclusions of fact, wherein he found that four copies of the order for the election were posted for more than twelve days prior to the day of election and that one copy thereof was posted for only nine days prior to the day of the election, and that these were the only copies of said order that were ever posted; that the voters of the county had actual notice of the election and participated therein, and that the result of the election was not affected by the failure to post the fifth copy of the order for the full twelve days. In the brief of appellants three assignments of error are presented. They read as follows: 1. 'The court erred in overruling contestants' special exception to that part of contestees' first amended answer wherein it is alleged that if there was a failure to post the notices required by law it did not affect the result of the election; that the voters of Hunt County were informed of the election, its purpose, and the day on which it was to be held, and had full notice thereof; that the full voting strength of Hunt County was obtained in said election.' 2. 'The court erred in admitting the evidence shown in bill of exceptions number 1.' 3. 'Having found as a fact that but four copies of the order for and the statutory notice of said election were posted twelve days prior to the election, the court erred in his conclusion of law in holding that the election was not void and in rendering judgment in favor of contestees.' These assignments are grouped and under them three propositions are urged. They read as follows: 1. 'The local option law, being for a particular locality only, is a quasi local or special law and depends for its validity upon its adoption in strict conformity with the law permitting its adoption.' 2. 'The posting of at least five copies of the order for at least twelve days prior to the election in the places required by law is a jurisdictional fact without which the people have no authority to assemble and vote, and the election is void.' 3. 'The local option law can only be enforced by the criminal courts. The Court of Criminal Appeals being a court of last resort in criminal cases, the construction placed by it upon the statute is binding upon the

civil courts.' No other assignments or propositions are presented or urged. The evidence referred to in the second assignment of error was that offered by the contestee in support of his special plea above set out and which was admitted over the objections of the contestants, the ground of objection being that such testimony was immaterial and irrelevant, and that the character of notice sought to be proved by said evidence is not the notice for such elections prescribed by law and does not comply with the statute. A proper bill of exceptions was reserved to the admission of this testimony.

"Question 1. Did the failure to post one of the five copies of the order of the election for twelve days prior to the day of election render the election void, regardless of the fact that the voters of the county had notice of the election and participated therein, so that the result thereof was not affected by the failure to post said copy in due time?

"Question 2. The question just propounded has been decided by this court in this case in the negative and the contestants, in a motion for rehearing, have asked us to reconsider our said holding. Is our said holding in conflict with the decisions of the Court of Criminal Appeals in all or any of the following cases, viz: Ex parte Kramer, 19 Texas Crim. App., 124; Smith v. State, 19 Texas Crim. App., 444; James v. State, 21 Texas Crim. App., 356; Irish v. State, 29 S. W. Rep., 778, 34 Texas Crim. Rep., 130; Bowman v. State, 40 S. W. Rep., 798, 38 Texas Crim. Rep., 15; Bowman v. State, 41 S. W. Rep., 635, 38 Texas Crim. Rep., 15; Shields v. State, 42 S. W. Rep., 398, 38 Texas Crim. Rep., 252, and Frickie v. State, 45 S. W. Rep., 810, 40 Texas Crim. Rep., 626, and if so, should we adhere to our said holding or reconsider the same and decide the question in accordance with the decision of said court?

"Question 3. Each and all of the said assignments of error and propositions of appellants were overruled by this court and the judgment herein affirmed. The same are again presented and urged in a motion for rehearing filed by appellants. Was there error in the action of this court in holding that said assignments and propositions were not well taken, and should the judgment herein have been affirmed or reversed?"

The contest of an election is a special proceeding authorized by the statute, and the courts are limited in their investigation to such subjects as are specified in the law. Wright v. Fawcett, 42 Texas, 206; Rogers v. Johns, 42 Texas, 340. The following article of the Revised Statutes prescribes the ground of contest:

Art. 3397. At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice precinct or subdivision of such county, or in any town or city of such county in which such election has been held, may contest the said election in any court of competent jurisdiction, in such manner as has been or may hereafter be prescribed; and should it appear from the evidence that the election was illegally or fraudulently conducted; or that by the action or want of action on the part of the officers to whom was intrusted

the control of such election such a number of legal voters were denied the privilege of voting as had they been allowed to vote might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at or very doubtful of ascertaining, the court shall adjudge such election to be void and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election."

As used in the foregoing article, the term "election" means the act of casting and receiving the ballots from the voters, counting the ballots and making returns thereof. State v. Tucker, 54 Ala., 210. That is the meaning of the word "election" in ordinary usage, and it must be so construed, there being nothing in the law to suggest that the Legislature intended to use it in a different sense. On the contrary, wherever the word "election" appears in the acts of the Legislature upon this subject it seems to have in view those things to be done on the day of the election, in contradistinction to the acts which are to be done preparatory to the election.

Article 3397 expresses the policy of the Legislature to be, that a law of this character shall not be put into force, unless the election has been fairly conducted and resulted in a fair expression of the will of the voters. To accomplish this end the statute confines the inquiry to those proceedings which are directly connected with the conducting of the election itself. The posting of the notices of election not being embraced in the terms of the statute, the failure to post one of such notices for twelve days prior to the election constitutes no ground for a contest of election. We answer the first question in the negative.

A contest of election concludes no question which may be involved in a prosecution for the violation of the law after it has been declared in force, therefore the question of conflict between the decisions of the Court of Criminal Appeals and the decision of the Court of Civil Appeals is immaterial. It follows from what we have said that the Court of Civil Appeals correctly affirmed the judgment of the District Court.