OSCAR MARTIN ET AL. V. RUSH MITCHELL ET AL.

Decided May 2, 1903.

**1.—Evidence—Boundary—Conflicting Calls in Field Notes.**

Where there are conflicting calls in the field notes of survey, a line of which has been adopted as the boundary line of a precinct, extraneous evidence showing the true location of the line and the mistake in the calls is not subject to the objection that it contradicts the calls and varies them by parol, and is admissible without the necessity of special pleading to authorize it.

**2.—Local Option Election—Precinct Boundaries—Mistake.**

Where a local option election was ordered for three commissioners' precincts of a county, their boundaries being designated by the order, a mistake in the boundary calls for a line of one of the precincts whereby some territory of the fourth precinct was apparently included, did not render the election void on the ground that it was held for more territory than was covered by the order, it being within the power of the commissioners court at any time to change precinct boundaries. Oxford v. Frank, 30 Texas Civ. App., 343, distinguished.

**3.—Same—Injunction—Appeal—Bond—Jurisdiction.**

Where a case was brought as a special statutory proceeding to contest a local option election, in which an appeal may be taken without giving bond, but on the trial no evidence was offered on those allegations under which the election could be contested under the statute, a judgment awarding relief to contestants by injunction and upon equitable grounds may be reviewed upon appeal of the case without bond. (Associate Justice Stephens expressing doubt on this point.)

Appeal from the District Court of Haskell. Tried below before Hon. P. D. Sanders.

*S. W. Scott, A. C. Foster, O. E. Oates,* and *G. W. Thomason,* for appellants.

*J. F. Cunningham* and *H. G. Connell,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment obtained by appellees, Rush Mitchell and others, qualified voters and retail liquor dealers in Haskell County, against appellants, Oscar Martin and D. H. Hamilton, county attorney and county judge, respectively, of said county, and J. E. Pool, editor and proprietor of the Haskell Free Press, a weekly newspaper published in the town of Haskell, enjoining them from taking the final steps necessary to put in force the law prohibiting the sale of intoxicating liquors in commissioners' precincts 1, 3 and 4 of said county, which had been adopted at a local option election held therein on the 8th day of September, 1902. Appellees instituted this proceeding under article 3397 of the Revised Statutes, and sought both to contest the validity of the election and to enjoin the proceedings looking to the enforcement of the law, alleging in the statement of the grounds of contest that it had been illegally and fraudulently conducted at one or more of the voting boxes, to sustain which, however, no evidence whatever was offered on the trial; and further

32 Civil—25.

alleging that in ordering the election the commissioners court had included more territory than was covered by the subdivisions above mentioned, in that the order included a part (two sections of land) of commissioner's precinct 2.

The contestants further alleged that they were liquor dealers in Haskell county, and had paid both internal revenue and occupation taxes for a year in advance, the revenue license in one instance having until January 12, 1903, to run; and charged that, unless restrained by injunction, the contestees would proceed to enforce the law, and that contestants would consequently suffer irreparable damage, inasmuch as they would either have to cease to do business, which would cause deterioration in the value of the liquors in stock, loss of profits, loss of money paid for rents and as revenue and occupation taxes in advance, or else be exposed to innumerable and vexatious criminal prosecutions without being able to give the great number of bail bonds that would be required of them, etc.

A preliminary injunction was granted, which was made perpetual on final hearing, the court holding that the inclusion of a part of commissioner's precinct 2 rendered the election void, following the decision of this court in Oxford v. Frank, 30 Texas Civ. App., 343, 70 S. W. Rep., 426, and further holding that appellees would sustain irreparable injury from the enforcement of the law.

From that judgment this appeal is prosecuted by the contestees, as provided in article 1804u of the Revised Statutes, without giving bond.

In the first assignment of error it is alleged that "the ground upon which the court, in this case, declared the said election void and perpetuated the injunction was not a ground upon which said election could be contested under article 3397, Revised Statutes," and as authority for the proposition the opinion of the Supreme Court on certified question in case of Norman v. Thompson, 96 Texas, 250, 72 S. W. Rep., 62, is cited, which seems in effect to overrule the previous decision of this court in Oxford v. Frank, supra, although there is much force in the answer of appellees contending that the two rulings are distinguishable.

But however this may be, the judgment must be reversed under other assignments, complaining of the court's rulings in excluding evidence offered by the contestees to show the true boundaries of the commissioners' precincts in question, and of holding that extraneous territory was excluded. The boundary as originally established by the orders of the commissioners court between commissioners' precincts 1 and 2 was governed by the Haskell and Throckmorton road, as designated in the report of the jury of view adopted by the commissioners court, which contestees offered to prove had been actually laid out on the ground by the jury of view along the north boundary of railway surveys 11 and 26, which would place them in commissioner's precinct 1, as designated by the commissioners court in ordering the election, instead of in precinct 2, as alleged by contestants. The road as thus laid out had been worked,

used and recognized for many years and up to the time the election was ordered, and it was called for in the order, which also called for the north boundary of said surveys 11 and 26 as the true boundary between precincts 1 and 2. However, in making out their report to the commissioners court, the jury of view, being misled by an erroneous county map then in use, made a mistake, and called, in effect, for the south instead of the north boundary of these two surveys, which mistake contestees offered to prove. With this error shown, the otherwise conflicting calls in the report of the jury of view adopted by the commissioners court would have been reconciled; which presents a familiar case in boundary law. The evidence was not offered to contradict all the calls in the report of the jury of view, and so to vary it by parol, but only to show which of the conflicting calls were the true calls. No special pleading was therefore required, as seems to have been held by the court in excluding the evidence. It was admissible under the general denial, which put in issue the allegation of contestants that surveys 11 and 26 were in commissioner's precinct 2. Roach v. Malotte, 23 Texas Civ. App., 400, 56 S. W. Rep., 701.

But with the evidence excluded, how stands the case? In ordering the election the boundaries of the three commissioners' precincts to be affected were not only recognized, but were there designated as the boundaries of said precincts by the commissioners court, which would itself seem sufficient to correct the original error, since it is within the power of the commissioners court at any time to change precinct boundaries. Dowlin v. Rigsby, 43 S. W. Rep., 271, 1101. The case therefore hardly comes within the ruling made in Oxford v. Frank, supra, in which the precinct lines were ignored.

In this view of the case judgment should not only be reversed but here rendered for appellants. Questions as to the jurisdiction of this court and as to the proper method of procedure in the trial court have arisen in our minds, and will be briefly noticed, though not discussed in briefs.

The case was brought and went to trial as a special proceeding to contest a local option election, but no evidence was offered on that issue. In what purported to be a statement of the grounds of contest were set forth grounds for equitable relief, and these were the issues tried and determined in favor of appellees. A special proceeding to contest an election, as restricted by the decisions, and a suit in equity, are widely different in scope, character and method of procedure. In the former, unlike the latter, the general practice act, with the right of trial by jury, is not available, except to a limited extent, and the proceeding may be instituted by any qualified voter of the prescribed territory in a given manner and within a very limited time, against specified officers, who may appeal without bond, and no writ of error lies to the Supreme Court. Calverly v. Shank, 28 Texas Civ. App., 473, 67 S. W. Rep., 435, and other cases.

No objection was made to the misjoinder in the court below, and no motion has been made here to dismiss the appeal for want of an appeal bond.

In view of the ruling in Norman v. Thompson, supra, and the fact that the Supreme Court took jurisdiction of applications for writs of error in the following cases, in which the injunction feature was joined to the grounds of contest,—Norton v. Alexander, 28 Texas Civ. App., 466, 67 S. W. Rep., 788, and Brown v. Hill, unreported,—the writer is inclined to doubt the power of this court, in the absence of an appeal bond, to review the judgment perpetuating the injunction in favor of the liquor dealers upon equitable grounds.

The failure of contestants to offer any evidence in support of the allegations upon which the election might have been contested under the statute would seem to warrant the inference of abandonment as to that issue, at least so far as this appeal is concerned. However, appellees insist in their brief that such was not their intention, and the other members of the court are of opinion that the case is still to be regarded as a contested election proceeding.

The judgment is therefore reversed and here rendered, for appellants, dissolving the injunction and declaring the election to be valid.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

The principal complaint of the motion seems to be that we erred in rendering judgment for appellants on the strength of the order of the commissioners court directing the election to be held, which was treated on the original hearing as being itself sufficient to settle the question of disputed boundary. In that order the field notes of the commissioners' precincts in question were set out and treated as the boundaries of said precincts, and the election was distinctly ordered to be held within such precincts as political subdivisions of the county, and we see no reason to doubt the correctness of the original ruling.

It is insisted, however, that it conflicts with the previous ruling in Oxford v. Frank, 30 Texas Civ. App., 343, 70 S. W. Rep., 426, in which it was held by the district judge that the boundaries of a voting precinct could not be thus established. But it must be borne in mind that it is only at the first regular term in each year that the commissioners court may establish election precincts, as provided in article 1705 of the Revised Statutes. And it must also be borne in mind that election precincts are not within the purview of the local option statute; and the decision in that case did not rest upon this point, but upon the ground that the political subdivisions of a county within which local option elections may be held were disregarded in ordering that election.

Want of jurisdiction is now urged upon us by appellants, and the writer still doubts the power of this court to entertain the appeal, but

that question may easily be tested on application for writ of error, and will not be further discussed.

The motion will therefore be overruled.

*Overruled.*

Application for writ of error dismissed for want of jurisdiction.