## Ex Parte Noon Curlee.

No. 3578.    Decided June 19, 1907.

**Habeas Corpus—Local Option—Question of Territory.**

Where upon trial for a violation of the local option law, it was contended by defendant that the local option law was not in force in the territory where the alleged violation had occurred, because on the day of the election the boundary thereof had been changed by the commissioners court so as to embrace territory not theretofore included in the order of the election; and it appeared that the vote was not shown to have been affected by such change, and that the defendant violated the local option law in territory embraced in the order at the time it was made, and not in any new territory. Held that the law was in force in the place of the alleged offense.

Appeal from the County Court of Robertson. Tried below before the Hon. J. W. Woods.

Appeal from an order remanding appellant to custody on a charge of a violation of the local option law, on habeas corpus proceedings.

The opinion states the case.

*Kinard & Goodman* and *Bailey & Marshall,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is an appeal from a habeas corpus proceeding in the court below. Appellant was arrested on a charge by information with the offense of unlawfully selling intoxicating liquors in violation of the local option law. On the trial in the court below appellant was held to answer said charge, and has prosecuted an appeal to this court.

The agreement filed by the parties shows, as follows:

"First: That a petition signed by 311 qualified voters of commissioners precinct No. 3 of said Robertson County, Texas, was duly presented to the commissioners court of said county, on the 29th day of July, 1905, praying for a local option election in and for said precinct.

Second: That said election was duly ordered by said court on said date, and same ordered to be held on the 17th day of August, 1905.

Third: That commissioners precinct No. 3, of said county as set

out in the order of court ordering said election, and all other orders pertaining to same, as well as field notes set out in information filed in this cause, is fully indicated by red lines on map attached to transcript in this cause.

Fourth: That voting precinct No. 9 of said county, is fully indicated by blue lines on map attached to said transcript, which shows that not more than about one-half of said voting precinct was originally contained in said commissioners precinct No. 3.

Fifth: Commissioners precinct No. 3 of said county is composed of two justice precincts, to wit: Justice precinct No. 3, and justice precinct No. 6.

Sixth: There are two voting precincts in justice precinct No. 3, to wit: voting precinct No. 3, and voting precinct No. 17. And there are three voting precincts in justice precinct No. 6, to wit: voting precincts Nos. 6, 9, and 16.

Seventh: The north boundary lines of commissioners precinct No. 3 and justice precinct No. 6 are the same, and are fully indicated by red line; the boundaries of voting precinct No. 9 are shown by blue lines; an examination of the map will show, that nearly half of voting precinct No. 9 was not included in the above described commissioners precinct No. 3, and hence was not included in the territory in which said election was ordered and held.

Eighth: The commissioners court of said county met on the 17th day of August, 1905, the day on which said local option election was held, and passed an order declaring that justice precinct No. 3 should be composed of voting precincts Nos. 3 and 17; that justice precinct No. 6 should be composed of precincts Nos. 6, 9 and 16, and that commissioners precinct No. 3 should be composed of said justice precincts Nos. 3 and 6, which includes all of voting precinct No. 9, as shown by blue lines mentioned, notwithstanding a large portion of the territory comprising said precinct No. 9 lay north of the original north lines of said precincts; and north of the northern boundary of the territory embraced in field notes for said election, this being confined to the original lines as shown by red lines. By virtue of said last named orders of court, all of precinct 9 was included in said commissioners precinct No. 3; same being so included before the election was actually held, the result known, or could have been known.

Ninth: It is further agreed, that the local option law has been in force in justice precinct No. 3 for many years, but had not heretofore been in force in justice precinct No. 6 (except as to the Franklin independent school district) where it has been in force for several years. It is also further agreed, that there are a number of school districts within the territory comprising said commissioners precinct No. 3, all of which is fully set out in transcript in said cause."

From the foregoing agreement it appears that the matter of contention, on the part of appellant, is that said local option law is not in force, because it was never legally passed in said commissioners pre-

cinct, because on the day of the election the bounds of said commissioners precinct were changed by the commissioners court so as to embrace territory not theretofore embraced in the order for the election. It may be stated here that the vote is not shown to have been affected in anywise by the change made by the commissioners court taking in said adjoining territory and constituting it a part of said commissioners precinct. It may be further stated that the party alleged to have violated the local option law did so in the territory constituting the commissioners precinct at the time the order for the election was made, and not in the new territory added to the commissioners precinct on the very day of the election. We hold on this state of facts that the law is in force in the original commissioners precinct in which the order for the local option election was made, and that the change in territory on the day of the election in nowise affected the previous orders of the commissioners court made for holding an election in the original precinct. Judgment is therefore affirmed.

Relator is accordingly remanded.

*Relator remanded to custody.*