## J. H. COFIELD ET AL. V. A. J. BRITTON.

### Decided April 11, 1908.

**1.—Local Option Election—Contest—Statute Construed.**

A contest of a local option election authorized by article 3397, Revised Statutes, is a special proceeding, and the courts are limited, in their investigation, to such subjects as are specified in the statute, namely, to the things done on the day of the election in the casting and receiving the ballots from the voters, counting the ballots, and making returns thereof. Record in a contest of such an election considered, and held to present no statutory ground for contest.

ADDITIONAL CONCLUSIONS.

**2.—Same.**

The Act of the 30th Legislature amending article 3397, Revised Statutes (Gen. Laws 1907, page 447) gives to the District Court of the county in which a local option election has been held original and exclusive jurisdiction of all suits for the contest of such election, and confers upon said court jurisdiction to try and determine all matters connected with the same.

**3.—Same—Commissioners' Precinct, a Political Subdivision.**

A Commissioners' precinct is such a political subdivision of a county as is contemplated by both the Constitution and our statutes in providing for local option elections.

**4.—Same.**

The fact that a Commissioners' precinct embraced two Justices' precincts in one of which local option was in force and in the other it was not in force would not prevent a Commissioners Court from ordering a local option election in the entire Commissioners' precinct.

**5.—Same—Repetition of Election.**

The fact that a local option election for an entire county resulted against its adoption for the entire county would not prevent a Commissioners Court from ordering an election immediately thereafter for a Commissioners' precinct.

**6.—Same—Incorporated Town—Forfeited Charter.**

Where a town incorporated by Special Act of the Legislature has elected no officers nor performed any corporate act for more than thirty years, and a part of such town is included within a Commissioners' precinct, it will be presumed, in support of the action of a Commissioners Court in ordering an election in such precinct, that the court acted within the provisions of the law, and that the town belonged to the class of towns whose charter would be forfeited by such laches.

**7.—Appeal Perfected—Re-opening Case.**

After an appeal has been perfected, a party to the cause cannot file a pleading or introduce evidence thereunder.

**8.—Cities and Towns—Forfeiture of Charter—Act Constitutional.**

The Act of the 25th Legislature (Gen. Laws 1897, page 159) concerning the forfeiture of charters of cities and towns is not subject to the objection that it embraces two subjects, nor does it embrace a subject not expressed in its title. Said Act is constitutional.

Appeal from the District Court of Wood County. Tried below before Hon. R. W. Simpson.

*W. B. Teagarden, W. W. Ballew* and *E. A. Thorpe,* for appellants.— A city or town incorporated by a special or general law can only be dissolved in the manner provided by law, and the failure to elect officers will not dissolve the corporation. State v. Dunson, 71 Texas, 65; Buford v. State, 72 Texas, 182; Largen v. State, 76 Texas, 323; Harness v. State, 76 Texas, 566; Lum v. Bowie, 18 S. W., 144; McCrary v. Comanche, 34 S. W., 679; State v. Wofford, 90 Texas, 517; State v. Hoff, 29 S. W., 674; Ex parte Cross, 44 Texas Crim. Rep., 376.

The Commissioners Court has no power or authority to order an election for a commissioners' precinct which embraces two or more justice precincts unless all of said territory occupied the same status.

All justice precincts must be "wet" or "dry." Ex parte Heyman, 45 Texas Crim. Rep., 532; Nolan County v. Beall, 98 Texas, 104; Ex parte Randell, 98 S. W., 870; Ex parte Mills, 46 Texas Crim. Rep., 224; Board v. Buchanan, 36 Texas Civ. App., 411.

The court erred in rendering judgment against contestants, in overruling motion for new trial, and in holding that the Commissioners Court could order an election for the commissioners' precinct immediately after the county had voted upon local option, and said county election had resulted against prohibition. Ex parte Randell, 98 S. W., 870. Authorities supra, art. 3395 Batts' Statutes.

*M. D. Carlock, Hart & Hart* and *H. C. Geddie,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The following statement is taken from appellants' brief, and it appearing to be correct, is adopted:

J. H. Cofield, W. D. Kitchens and J. W. Amos, appellants herein, filed a petition to contest an election held on the 28th of September, 1907, in commissioners precinct No. 2 of Wood County, Texas, to determine whether or not the sale of intoxicating liquors should be prohibited in said commissioners' precinct, said election resulting in favor of prohibition. The case was tried before the Hon. W. R. Simpson, judge of the District Court of Wood County, Texas, on the 15th day of November, upon an agreed statement of facts, and judgment was rendered against the contestants sustaining said election; motion for new trial was prepared and overruled on the 16th day of November, 1907; notice of appeal was given to the Court of Civil Appeals for the Fifth Supreme Judicial District, and said appeal was

perfected by the filing and approval of an appeal bond, and assignments of error. The undisputed facts in the case are as follows:

The town of Quitman was incorporated by a Special Act of the Legislature on the 28th day of March, 1873; said town organized under said Special Act of incorporation, and elected a mayor and other officers provided for in the Act incorporating said town; said incorporation has never been dissolved, repealed, annulled, or set aside, but has elected no officers for about thirty years.

Each of the four commissioners' precincts of Wood County, Texas, center in the court house at Quitman, and divide said town, including about one-fourth of the incorporated limits in each commissioners' precinct.

On the 15th day of February, 1901, the Commissioners Court of Wood County, Texas, ordered an election to be held in justice precinct No. 7, of Wood County, Texas, on the 23d day of March, 1901, to determine whether or not the sale of intoxicating liquors should be prohibited in said justice precinct. Notice of said election was duly posted, as required by law; said election was held, and the result thereof, which was in favor of prohibition, was afterwards declared and published, as required by law. In March, 1903, a local option election was held for the entire County of Wood, said election resulting in favor of prohibition. In 1905, another election was held for the entire county of Wood, which again resulted in favor of prohibition for the entire county. On the 31st day of August, 1907, the third election was held for the entire county of Wood, which election resulted against prohibition, and the result of which was duly declared and published, as required by law. On the 11th day of September, 1907, the Commissioners Court of Wood County, Texas, ordered an election to be held on the 28th day of September, 1907, for commissioners' precinct No. 2, Wood County, Texas, to determine whether or not the sale of intoxicating liquors should be prohibited in said commissioners' precinct; this election resulted in favor of prohibition.

Commissioners' precinct No. 2 of Wood County, Texas, embraces all of justice precincts Nos. 2 and 7, and a part of justice precinct No. 1, including about one-fourth of the town of Quitman, and when said election was ordered and held, the sale of intoxicating liquors had not been prohibited in justice precinct No. 1, or justice precinct No. 2 or the incorporated town of Quitman, and all that portion of justice precinct No. 1, which embraces the town of Quitman, and all of justice precinct No. 2 is what is known as "wet" territory, while the sale of intoxicating liquors had been prohibited in justice precinct No. 7 by the election held on the 23d day of March, 1901.

This is a contest of a local option election authorized by article 3397 of the Revised Statutes. Such a contest is a special proceeding and the courts are limited in their investigation to such subjects as are specified in the statute. The sole questions to be determined are, whether "the election was illegally or fraudulently conducted; or, whether by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number

of legal voters were denied the privilege of voting, as, had they been allowed to vote, might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining." Rev. Stats., art. 3397. The investigation is restricted to the things done on the day of election in casting and receiving of ballots from the voters, counting the ballots and making returns thereof. Norman v. Thompson, 96 Texas, 250.

Commissioners' precinct No. 2, in which the election was held, was composed of all of the justice precincts Nos. 2 and 7 of Wood County, and a part of justice precinct No. 1, which said justice precinct No. 1 included a part of the incorporated town of Quitman. The election resulted in said justice precinct No. 2 in a majority of thirty-eight votes in favor of prohibition, and in justice precinct No. 3 in a majority of eighty votes in favor of prohibition, and in that portion of precinct No. 1 embraced within the limits of commissioners' precinct No. 2, which included a part of the town of Quitman, fourteen votes in all were cast, seven of which were for local option and seven against it, a majority in the entire commissioners' precinct of one hundred and eighteen votes in favor of prohibition.

The contentions raised in the brief of appellants are: (1) That the Commissioners Court had no power or authority to order an election in a commissioners' precinct, because the same is not such a political subdivision of the county as is contemplated by the Constitution; (2) that the Commissioners Court has no power to order a local option election for a commissioners' precinct, which embraces two or more justice precincts, unless all of said territory occupied the same status—all must be "wet" or all "dry;" (3) that the Commissioners Court has no power to order an election for any subdivision of a county which divides a city or town.

There is no contention that there was any fraud in the holding of the election, that is, the casting of the ballots, receiving of the ballots from the voters, counting of the ballots or making of the returns. It is clear that the result of the election was not affected by the votes cast in justice precinct No. 1, which included a part of the town of Quitman. But fourteen votes were cast therein and seven of those were in favor of local option and seven against it. It does not appear from the evidence that the election was illegally or fraudulently conducted, or that any legal voter desiring to vote was denied the right to do so, or that such irregularities existed as to render the true result of the election impossible to be arrived at, or of doubtful ascertainment. Such being the state of the record there was no ground for the contest.

The questions raised by appellants' contentions relate to things not done on the day of election, but to the action of the Commissioners Court in ordering the election in this particular territory. These matters are not a ground of contest under the statute and we are not authorized to consider the same. These conclusions are supported by the opinion in the case of Norman v. Thompson, *supra,* upon which they are based. The judgment is affirmed.

### ADDITIONAL CONCLUSIONS.

When our opinion was prepared we overlooked the Act of the 30th Legislature approved May 14, 1907 (Gen. Laws 1907, page 447) amending article 3397 of title 59 of the Revised Statutes. Upon our attention being called to this statute we, of our own motion, set aside the judgment of affirmance. This amendment gives to the District Court of the county in which a local option election has been held, original and exclusive jurisdiction of all suits for the contest of a local option election and confers upon such court "jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect." This statute makes it our duty to pass upon all the contentions of appellant.

The first is, that the Commissioners Court had no power to order a local option election in a commissioners' precinct, because the same is not such a political subdivision of the county as is contemplated by the Constitution. The Constitution provides for the dividing of each county into four commissioners' precincts, and the election of one commissioner from each precinct and that the commissioners so elected and the County Judge shall compose the County Commissioners Court. Art. 5, sec. 18, Constitution. The statute makes similar provision. Rev. Stats., art. 1532 and 1533.

Section 20, article 16 of the Constitution, as amended in 1891, reads: "The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice's precinct, town, city (or such subdivision of a county as may be designated by the Commissioners Court of said county) may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

Article 3384 of Sayles' Civil Statutes of 1897 provides that "the Commissioners Court of each county in the State, whenever they deem it expedient, may order an election to be held by the qualified voters of said county or of any commissioners' or justice's precinct in such district or any two or more of any such political subdivisions of a county as may be designated by the Commissioners Court to determine," etc. Both the Constitution and the statute having stipulated for the subdivision of each county into four commissioners' precincts and the election of a commissioner from each of said precincts, such commissioners' precinct is a political subdivision of the county within the meaning of the Constitution.

The Court of Criminal Appeals, prior to the adoption of the amendment of 1907, and when that court had jurisdiction to pass upon the question, sustained the validity of a local option election held in a commissioners' precinct. Ex parte Curlee, 103 S. W., 896.

The second contention is, that the Commissioners Court has no power to order a local option election for a commissioners' precinct which embraces two or more justice's precincts, unless all of said territory occupied the same status, that is, all must be what is usually denominated as "wet" or all must be "dry." Commissioners' pre-

cinct No. 2 of Wood County embraces within its boundaries all of justice's precincts 2 and 7, and a part of justice's precinct No. 1. Justice's precinct No. 7 is what is designated by appellants in their brief "dry"' territory, while justice's precinct No. 2 and that part of No. 1, within commissioners' precinct No. 2, is "wet."

It has been held by the Court of Criminal Appeals that the Commissioners Court can not combine into a local option district justice's precincts in which local option is in force, with others in which local option has not been adopted. The holding is based upon the ground that this would be *creating* a subdivision of the county, when the statute contemplates that the court can only designate some existing subdivision. Ex parte Heyman, 45 Texas Crim. Rep., 532.

The opinion in the Heyman case was by a divided court, Justice Brooks having filed an able dissenting opinion. In the case before us, the Commissioners Court did designate an existing political subdivision of the county within the meaning of the Constitution and statute for the holding of the election, to wit: a commissioners' precinct, and the fact that in one of the justice's precincts embraced therein, local option was in force, while in the balance of the subdivision it was not in force, did not prohibit the Commissioners Court from ordering the election. The Constitution and statute having authorized the ordering of an election in a commissioners' precinct, such authority was not annulled or destroyed by the fact that said precinct, embraced territory in part of which local option was in force and in the remainder it had not been adopted. Such was the ruling of this court in Kidd v. Truett, 28 Texas Civ. App., 618.

In the case of Ex parte Curlee, 51 Texas Crim. Rep., 614, the Court of Criminal Appeals sustained the validity of a local option election held in a commissioners' precinct, which embraced justice's precincts Nos. 3 and 6. Local option was in force in justice's precinct No. 3, but was not in force in justice's precinct No. 6, except as to the Franklin Independent School District. Curlee had been arrested and convicted for the sale of intoxicating liquor in the commissioners' precinct and brought habeas corpus proceedings to be discharged. The court held that local option was in force in the commissioners' precinct and remanded the relator to custody.

In the case of Ex parte Rippy, 44 Texas Crim. Rep., 72, a local option election was held in a commissioners' precinct of Grayson County, which embraced justice's precincts Nos. 7 and 8. Rippy had been convicted and was under arrest for selling intoxicating liquor in justice's precinct No. 8 after the adoption of local option in the commissioners' precinct. It was held the election was valid and Rippy, who had brought habeas corpus, was denied relief. See also Martin v. Mitchell, 32 Texas Civ. App., 385.

Nor did the holding of a local option election in Wood County in August, 1907, which resulted against its adoption, make illegal the holding of an election in September thereafter in a commissioners' precinct to determine whether local option should be adopted therein. Sayles' Civ. Stats., art. 3395.

The third contention of appellants is that the Commissioners Court

has no power to order an election for a subdivision of a county which divides a city or town. Commissioners' precinct No. 2 of Wood County embraces a part of justice's precinct No. 1, including about one-fourth of the town of Quitman, which was incorporated by Special Act of the Legislature, March 28, 1873. See vol. 7, Gammel's Laws of Texas, page 858. The town organized under said Act of incorporation and elected officers. The record does not disclose any direct evidence that the incorporation has been dissolved or that its charter has been repealed or annulled. The statute (art. 3384), authorizing the Commissioners Court to order an election in a subdivision of the county contains the provision, "that if the precinct or precincts designated embrace within their limits an incorporated town or city, then such election shall only be ordered when the petition for the same is signed by qualified voters, not less than one-tenth in number of the total votes cast for Governor at the next preceding general election in such incorporated town or city." The town of Quitman had failed for over thirty years to elect officers or perform any corporate act. It must be conceded that the failure of a town incorporated by Special Act of the Legislature to elect officers will not dissolve the incorporation. State v. Dunson, 71 Texas, 65.

In 1897 a law was passed providing that any city or town incorporated under a Special Act and containing over two hundred inhabitants and less than five thousand, the offices of which shall have been vacant for ten years or more, its charter shall become void or forfeited. Gen. Laws of 1897, p. 159. There is no positive evidence that the town of Quitman contained over two hundred and less than five thousand inhabitants. The petition of appellants alleges that the town is a subsisting municipal incorporation. The Commissioners Court must have known, when they ordered the election, of the proviso in article 3384, under which article they acted. The burden was on appellants to show that the town of Quitman was a subsisting municipal corporation. This they insist was done by producing the Act incorporating it. Ordinarily this would be true, but under the facts of this case it was not sufficient. It is conceded that for over thirty years it has failed to perform any corporate act. The Commissioners Court did order the election in the commissioners' precinct which embraced a portion of the town of Quitman and it must be presumed in support of their action that they acted properly and within the provisions of the law.

After the cause had been tried and judgment rendered and appellants had perfected an appeal to this court the appellees filed a paper in the court below, styled supplemental answer, in which they set up the Act of 1897, providing for the repeal of charters of cities or towns containing over two hundred and less than five thousand inhabitants which had failed for ten years or more to elect officers. It was alleged in said paper that at the time of the passage of said Act the town of Quitman contained over two hundred and less than five thousand inhabitants, and had failed to elect officers for more than ten years prior to the passage of said Act. The appellants filed a protest against the re-opening of the case. The matter coming on to be heard, the appellees offered evidence in support of

their allegations. The court declined to hear the same. The appellees .excepted and have cross assigned error to the court's action. There was no error in the ruling. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

In our opinion we based the holding that the Commissioners Court did not exceed its power in ordering an election in a commissioners' precinct, which embraced a part of the town of Quitman, mainly upon the Act of the 25th Legislature; see art. 397, Sayles' Civ. Stats. It is contended in the motion for rehearing that this article is unconstitutional for the reason it conflicts with article 3, section 35 of the State Constitution, in that, (1) it embraces two subjects; (2) it embraces a subject therein not expressed in its title, and is therefore void. The question raised by these contentions was passed upon by this court in the case of State v. Larkin, 90 S. W., 912, and we there held that the Act embraced but one subject and was valid. A writ of error was denied by the Supreme Court.

We further held that the effect of this statute was to make the charter of such cities and towns as are specified therein which had not elected officers for over ten years, inoperative and ineffective for any purpose and rendered the same null and void. The Commissioners Court of Wood County knew that it was not authorized to order an election in a subdivision of the county embracing an incorporated town or city, except on petition of the requisite number.of qualified voters thereof. It must also have known that the town of Quitman had failed to elect officers for over thirty years. The court did order the election, and in support of its action it will be presumed that at the time of doing so it had knowledge of the population of the town of Quitman and that it was over two hundred and less than five thousand inhabitants. The motion for rehearing is overruled.

*Overruled.*

Writ of error dismissed for want of jurisdiction.