### BICKLEY v. LANDS et al. (No. 9954.)

(Court of Civil Appeals of Texas. Dallas. Oct. 26, 1926.)

**1. Elections ⬅149—Statute permits inquiry into validity of second primary election, where validity is questioned by alleged failure of county executive committee to declare that nominations shall be by majority vote (Rev. St. 1925, arts. 3106, 3148).**

Rev. St. 1925, art. 3148, prescribing procedure in suit filed to contest nomination for a precinct office, permits an inquiry into validity of a second primary election to determine nomination for county and precinct offices, where such validity is questioned by an alleged failure of county executive committee to declare that nominations for such offices shall be by majority vote, in view of article 3106.

**2. Elections ⬅269—Election contest is confined to matters covered by express statutory provisions.**

Election contest is special proceeding, and must be confined to provisions of statute enacting procedure for such contest.

**3. Elections ⬅154(6)—Judgment denying injunction to restrain enforcement of judgment entered in contested election suit for precinct office and appeal from judgment therein will be dismissed (Rev. St. 1925, art. 3152).**

Judgment of district court in a contested election suit for a precinct office being made final by Rev. St. 1925, art. 3152, judgment denying injunction to restrain enforcement of judg-

ment entered in such suit will be affirmed, and appeal from judgment in such suit will be dismissed.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Injunction suit by E. P. Bickley against Floyd Lands and others to restrain enforcement of judgment entered in contested primary election suit. From judgment refusing relief and from a judgment in election contest to effect that defendant named was entitled to nomination, plaintiff appeals. Appeal from injunction suit affirmed, and appeal from contested election suit dismissed.

L. D. Hartwell, of Commerce, and H. L. Carpenter, of Greenville, for appellant.

Crosby & Estes, of Greenville, for appellees.

PER CURIAM. This is an injunction suit filed in the district court of Hunt county, Sixty-Second judicial district, by appellant, Bickley, against appellee Lands, the members of the election board of Hunt county, and the district judge of the Eighth judicial district, to restrain the enforcement of a judgment entered in a contested primary election suit filed by appellee, in which judgment appellee was declared to be the Democratic nominee for the office of public weigher of precinct No. 6, Hunt county, Tex., and his name ordered properly certified for a place on the official ballot for the coming general election. The injunction relief was refused, and the appeal is duly perfected. Appellee received a plurality vote in the July primary for the Democratic nominee for such office, and appellant received the next highest vote in such primary. In a primary held in August appellant received a majority vote and was declared by the Democratic executive committee to be the Democratic nominee for such position. Contest was duly filed before the executive committee of Hunt county by appellee, and a ruling adverse to him resulted from such hearing. An appeal was duly perfected to the district court for the Eighth judicial district by appellee, with the result that the court declared the second primary void, and appellee, having received a plurality vote in the first primary, was declared entitled to the nomination. An appeal from this decision has been perfected to this court and was submitted at the same time of the injunction suit and will also be disposed of in this opinion.

In the trial of the appeal in the district court, the only ground of contest considered was the alleged ground that the Democratic county executive committee of Hunt county failed to order the second primary for county and precinct offices, and that by reason of

---

such failure the second primary was void as to such office. Appellant's theory is that neither the executive committee nor the district court had jurisdiction to determine this issue, under the statutes governing contested elections, and therefore the judgment is void. The injunction suit was filed on this theory.

Appellant announces the following proposition of law:

"In an election contest, in the district court, under the statutory provisions of this state, the authority and jurisdiction of the court is limited and confined in the inquiry to matters happening on the day of the election, and pertaining strictly to the election, such as casting and counting of ballots, and the actions and conduct of the officers holding the election."

[1] The specific question to be passed upon in this case is, in a suit filed to contest the nomination for a precinct office, does the statute, prescribing the procedure in such suit, permit an inquiry into the validity of a second primary election to determine the nomination for county and precinct offices. where such validity is questioned by an alleged failure of the county executive committee to declare that nominations for such precinct offices shall be by majority vote? Article 3106, R. S. 1925, provides that if the county executive committee fails to provide that such offices shall be nominated by a majority vote, they shall be nominated by a plurality vote.

[2] An election contest is a special proceeding and must be confined to the provisions of the statute enacting the procedure for such contest. There are decisions (Turner v. Allen [Tex. Civ. App.] 254 S. W. 630; Norman v. Thompson, 96 Tex. 250, 72 S. W. 62), which seem to bear out appellant's contention. When, however, these cases are analyzed in the light of the facts under which they were written, we do not construe them as announcing such a proposition of law. However this may be, the Supreme Court in the latest decision on this question called to our attention, that of Dickson v. Strickland (Tex. Sup.) 265 S. W. 1012, clearly announces a less restrictive rule in construing statutes controlling "contested election" cases. The court says:

"It [an election contest] may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election. The ineligibility of a candidate before an election, whether arising from the lack of age, or from personal misconduct, or other infirmities, the manner of giving notice, of the election, appointing election officers, their qualification, the creation of election districts, the preparation of the polls or polling places, the manner in which the ballots may have been prepared, and various other things which of necessity precede an election, are all well-known subjects of election contests. * * * Such a contest may embrace every part of the 'process' of electing a governor, for the reason that the 'election' which may be contested is not merely the acts of voting, but every step regulated by law, from the announcement of the candidate to the declaration of the result."

Article 3148, R. S. 1925, providing for a contest of a primary election before an executive committee provides, "if special charges of fraud or illegality in the conduct of the election, or in the manner. of holding the convention, or in the manner of making nominations, are made," that the executive committee shall be called in meeting to "examine the charges, hear evidence and decide in favor of the party who in their opinion was nominated in the primary election, or in the convention." In our opinion the charge in the instant case, that the second primary was void because of the antecedent failure of the executive committee to declare that nominations for precinct and county offices should be by majority vote, is specifically provided for in this statute. The statute authorizes an inquiry into the legality of the manner of holding the election, and this necessarily embraces the question as to whether the proper basis for holding the election was taken by said committee. Also the charge of the holding of a void primary seems to us to come under that provision of the statute which authorizes an inquiry into the legality of the manner of making nomination. Especially is this true when this statute is construed in the light of the language of the Supreme Court, above quoted, in the case of Dickson v. Strickland. It follows therefore that the district court had jurisdiction of the subject-matter of the contested election suit, and that the judgment entered in such suit is not void, and its mandate was not the subject for injunction process in the suit filed in the other district court.

[3] This conclusion will necessitate the affirmance of the injunction suit, and require the dismissal, for want of jurisdiction, of the appeal from the contested election suit, as the judgment of the district court, in a contested election suit for a precinct office, is made final by article 3152, R. S. 1925.

We are, however, constrained to add that an examination of this record shows conclusively that the county executive committee duly declared for nominations for county and precinct officers by a majority vote and duly called the second primary for this purpose, and that it was legally held. This is said in view of the fact that the trial court's decision in this case might unsettle a number of nominations for office in Hunt county.

The appeal from the injunction suit is affirmed, and the appeal from the contested. election suit is dismissed for want of jurisdiction.