Cr.R. 615, 113 S.W.2d 1233; Bingham v. State, Tex.Cr.App., 37 S.W. 753, 755.

The judgment is reversed and the cause remanded.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## HOLDEN et al. v. PHILLIPS et al.

### No. 5700.

Court of Civil Appeals of Texas. Texarkana.

Aug. 5, 1939.

Rehearing Denied Sept. 28, 1939.

A. V. Grant and M. Neal Smith, both of Longview, for appellants.

Jack E. Price and Mike Anglin, both of Longview, for appellees.

## WILLIAMS, Justice.

An election was ordered by the county judge of Gregg county to be held March 18, 1939, in Sabine Common School District No. 4 of said county, to determine whether or not said district should be incorporated into an independent school district, and for the election of seven trustees. Notices of election were timely posted. The petition for the election, the order, and the notices complied with all statutory requirements. On March 15th, after notices of election had been posted, the county judge entered a subsequent order in the commissioners court minutes wherein he revoked the original order. The rescinding order was entered after a petition had been presented to him requesting that the election be called off. This request was signed by a substantial number of those who had signed the original petition. These petitioners and the county judge all acted in good faith and without any fraudulent motive. The county judge caused notices of this revocation to be posted, as well as published over his signature in two daily newspapers circulating in the district. This revocation order was also exhibited by the officials theretofore designated to hold the election. Pursuant to this revocation the ballots were not printed, and the officials designated in the order to hold the election did not appear for that purpose on the day and at the place designated.

Shortly before 8:00 A. M. of March 18th, eight qualified voters in said district assembled at Sabine School, the place designated in the original order for the election to be held; elected a presiding judge and other officials from their number and proceeded to hold an election. These eight and one other voted. The evidence reflects that they used a basement room in the school house and otherwise proceeded to conduct the election in a secretive manner. Such procedure prevented some few who appeared for the purpose of voting from finding a place to cast their ballots. Thereafter the returns of such purported election were filed with the

county clerk. The returns so filed disclosed nine voting, and all votes cast in favor of incorporating the common school district into an independent school district. Appellants received all nine votes for trustees for the proposed new district.

More than 400 qualified voters resided in the district. Because of an agreement only twelve were subpoenaed and testified. Appellants' attorneys agreed that all the witnesses expected to be subpoenaed by the respondents in the approximate number of 400 would testify that if it had not been for the notice of the county judge calling off and rescinding the election, they would have presented themselves at the polls and voted against the incorporation of the common school district; and if present, they also would testify that it was generally understood that the election had been called off.

In this contest filed under the provisions of Chapter 9, Title 50, Article 3041 et seq., R.C.S. 1925, appellants seek to have the order of the county judge vacated wherein that official decreed that a valid election was not held, and no valid returns to be canvassed; and sought to have a judgment entered finding the said common school district incorporated into an independent school district, and the appellants duly elected trustees of the proposed district, by virtue of the proceedings held on March 18th. Appellants challenge the judgment entered wherein the trial court refused appellants the relief sought and directed the county judge to order another election to be held. And assert: "The sole question presented to the trial court was whether the circulation of this void order which caused the qualified voters to be misled and not appear and vote is sufficient grounds in law upon which to declare an election void; which entails the further question as to whether or not such events that had happened prior to election day might form the basis of an election contest, * * *" contending that under Ladd v. Yett, Tex. Civ.App., 273 S.W. 1006, and the decisions therein noted and discussed, the inquiry upon a hearing of such a contest be limited to matters happening on the day of the election and pertaining strictly to the election, such as the casting and counting of the ballots and the acts and conduct of the officers holding an election.

We do not subscribe to such a strict limitation upon the inquiry as so contended. In Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012, 1018, Justice Greenwood for the Supreme Court has enunciated the law we consider applicable to the facts of this case, viz.:

"An election contest necessarily involves questions of both fact and law. It may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election. The ineligibility of a candidate before an election, * * * the manner of giving notice of the election, appointing election officers, their qualification, the creation of election districts, the preparation of the polls or polling places, the manner in which the ballots may have been prepared, and various other things which of necessity precede an election, are all well known subjects of election contests.

"A failure to observe any one or more of the many articles of title 49, Revised Statutes, applicable to general elections, may become the subject-matter of an election contest, and many of these provisions concern matters which must occur before the time of actual voting. In determining what a 'contested election' is, we must bear in mind that an election in this state is not a single event, but a process, and that the entire process is subject to contest." See, also, Bickley v. Lands, Tex.Civ.App., 288 S.W. 514; Robinson v. Bostrom, Tex. Civ.App., 21 S.W.2d 580; Hodge v. Jones, 17 Tex.Civ.App. 511, 43 S.W. 41.

This revocation order by the county judge was only an incident in the process of this election. It was still being exhibited on the morning of the election day. The notices that had been published and otherwise exhibited prior thereto still operated in a potent way on election day, and to such an extent that only nine voters out of a total of 400 appeared and cast their ballots. It is immaterial to determine whether the rescission order was void, for whether valid or not, it caused approximately 400 qualified voters to remain away from the polls on the date designated.

As found by the trial judge, the will of the majority of the voters of said common school district was defeated by reason of this order of the county judge in that a majority of the qualified voters in said district would have voted against the incorporation of the territory into an independent district had it not been for the publication and circulation of the rescission

order that no election would be held. It is clear that the purported election was not an expression of the public will. To sustain the proceedings held as a valid election would be against public policy and inconsistent with the principles of good government.

The action of the trial court denying appellants the relief sought is affirmed.