**H. ROUW et al., Appellants,**

v.

**Nix HARRINGTON et al., Appellees.**

No. 12904.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1955.

Rehearing Denied Sept. 7, 1955.

Kelley, Looney, McLean & Littleton, Ralph L. Alexander, Sid L. Hardin, Edinburg, for appellants.

Sawnie B. Smith, Felix L. McDonald, Edinburg, for appellees.

W. O. MURRAY, Chief Justice.

This is an election contest proceeding under the provisions of Chapter 9, Vernon's Ann.Tex.Stats., Election Code. The contest was brought by H. Rouw and others against Nix Harrington, Mayor of the City of Edinburg, Texas, and others, seeking to have an election held in the City of Edinburg, Texas, on December 4, 1954, at which there was submitted "the proposition of the issuance of bonds by said city in the amount of approximately $620,000.00 for drainage and paving," declared to be null and void because of certain irregularities hereinafter discussed. The result of the election, according to the official returns, was 548 votes for the issuance of the bonds and 468 votes against the issuance of the bonds, thus making a majority of 80 votes in favor of the issuance of said bonds. At a trial before the court without a jury, judgment was rendered denying contestants any relief, and this appeal is by contestants from that judgment.

Appellants' first contention is that the court erred in not holding the election to be null and void because some 300 or 400 persons, who were otherwise qualified to vote in the election, were prevented from rendering their personal property for taxes after April 30, 1954, and thus prevented from qualifying to vote in this election. The only evidence that any one appeared at the city tax assessor and collector's office after April 30, 1954, and offered to render personal property for taxation, relates to S. G. Guzman and his daughter. The trial court found as a fact that about one week before the election S. G. Guzman and his daughter, Consuelo Guzman, appeared at the office of the city tax assessor and collector, during his temporary absence, and stated to an attendant that Consuelo Guzman desired to render a wrist watch, and that the attendant, who had previously been deputy tax assessor and collector, but was not then connected with the tax department, told them that she did not think she could accept the rendition for 1954, but suggested that Mr. Guzman and his daugher talk to Mr. Harrison, the tax assessor and collector. Mr. Guzman and his daughter waited for a while but went away without seeing the tax assessor and collector.

It was contended that the reason the other three or four hundred persons, who owned personal property, had not rendered their property for taxes was because there was talk, generally over the city, that the city officials would not accept any renditions of personal property for the year 1954 after April 30th. It is further contended that these three or four hundred otherwise qualified voters did not go to the

polls and offer to vote at such election because they knew it would be futile to do so if their names were not on the assessment rolls. S. G. Guzman testified that all of these three or four hundred people would have voted against the issuance of the bonds.

All of this testimony presents a matter which could not be heard in a statutory election contest under the provisions of Chapter 9 of Vernon's Ann.Tex.Stats., Election Code.

It has been held in this State that the jurisdiction of the court in a statutory election contest relates only to matters happening on the day of the election and pertaining strictly to the election, such as the casting and counting of the ballots and the actions and conduct of the officials holding the election. Norman v. Thompson, 96 Tex. 250, 72 S.W. 62; Turner v. Allen, Tex.Civ.App., 254 S.W. 630; Ladd v. Yett, Tex.Civ.App., 273 S.W. 1006; Warren v. Robinson, Tex.Civ.App., 32 S.W.2d 871; Border v. Abell, Tex.Civ.App., 111 S.W.2d 1186; Marks v. Jackson, Tex.Civ.App., 130 S.W.2d 925; Shrock v. Hylton, Tex.Civ. App., 133 S.W.2d 175; Roberts v. Hall, Tex.Civ.App., 167 S.W.2d 621.

This rule is somewhat broadened and extended by Dickson v. Strickland, 114 Tex. 176, 285 S.W. 1012; Bickley v. Land, Tex. Civ.App., 288 S.W. 514; Holden v. Phillips, Tex.Civ.App., 132 S.W.2d 419, and Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86, but even under the extended rule the matter here raised cannot be considered as grounds for holding an election null and void.

Our Constitution, art. 6, § 3a, Vernon's Ann.St. and Vernon's Ann.Tex.Stats., Election Code, art. 5.03, provide as follows (the two provisions are exactly the same):

"When an election is held by any county, or any number of counties, or any political subdivision of the State, or any political subdivision of a county or any defined district now or hereafter to be described and defined within the State, and which may or may not include towns, villages or municipal corporations, or any city, town or village, for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political subdivision, district, city, town or village where such election is held, and *who have duly rendered the same for taxation,* shall be qualified to vote and all electors shall vote in the election precinct of their residence. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 35." (Emphasis ours.)

Thus it is seen that a voter who has not duly rendered his property for taxation is disqualified absolutely from voting in a bond election. Neither the Constitution nor the statute makes any exception to this rule, the disqualification is absolute, therefore, it matters not what excuse a voter may have for failing to render his property for taxation, if he has not done so he is disqualified from voting in a bond election. The courts have interpreted what is meant by "duly rendered" but such interpretation is not here involved. Markowsky v. Newman, 144 Tex. 440, 136 S. W.2d 808.

If a voter is prevented from rendering his property by an official whose duty it is to take such rendition, his remedy would be either a petition for mandamus or a suit for damages. In any event, the voter himself must be without fault and must have used due diligence to qualify himself for voting. Voters who accepted rumors which they heard around packing sheds, filling stations and other public places, to the effect that the tax assessor of the city would not accept renditions of personal property after April 30, 1954, and did not go and attempt to render their property, were not diligent and have no right to complain if they were not permitted to vote. Viewing the testimony in a light most favorable to appellants, these three or four hundred people who made no effort to render their personal property for taxation,

with the possible exception of the daughter of S. G. Guzman, did not exercise due diligence and their disqualification to vote in the bond election can be traced to their own fault and neglect. McCrary on Elections, 4th Edition, §§ 136, 137, 138. There the disqualification was on account of failure to register, but we feel the situations are similar, and that the reasoning there would apply here with equal force.

■ Appellants next complain because H. Rouw and Erma Beck, who owned stock in a corporation known as The H. Rouw Company, and which corporation in turn did own both real and personal property rendered for taxation with the City of Edinburg, were not permitted to vote. The corporation was shown to be a closed corporation and all the stock was owned by these two persons. The parties did not render their stock for taxation. The corporation is a legal entity and it owned the property rendered for taxation. What H. Rouw and Erma Beck owned was only stock in the corporation. The property which they owned had not been rendered for taxation. No one is compelled to operate his business as a corporation, but if he does see fit to do so he must accept the disadvantages along with the advantages which he derives from operating as a corporation. We see no reason why the corporate fiction should here be disregarded.

Appellants next complain because the court sustained special exceptions to the following:

"(u) By publishing and causing to be published to the various newspapers in said city libelous, defamatory and untrue attacks and charges upon the character and activities of prominent citizens known to be opposed to said proposition, thereby indicating to the voters of said city that the leaders of the opposition to said proposition were men of bad, unsavory and dishonest character who were attempting to manipulate the results of said election."

"(t) By said City Officials and employees failing to properly surface or pave, repair or maintain the streets of the City of Edinburg for several months prior to said election, thereby allowing such streets to deteriorate to such a poor state of repair that a fictitious need for paving was thereby conveyed to the voters of said city."

■■ The court properly sustained exceptions to these two paragraphs. They do not set forth matters within the jurisdiction of the court in a statutory election contest. An election cannot be held to be null and void because one side talked in derogatory terms about the other side, or because the city authorities did not do a good job of keeping the streets in repair shortly before an election to vote paving bonds. Such things occur to some extent, no doubt, in all bond elections.

■ Appellants next complain that they were denied a trial by jury. An election contest is a statutory proceeding and neither the constitution nor the statutes require that it be tried by a jury. Williamson v. Lane, 52 Tex. 335; Odell v. Wharton, 87 Tex. 173, 27 S.W. 123; De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519; Calverley v. Shank, 28 Tex.Civ.App. 473, 67 S.W. 434; Compton v. Holmes, 94 Tex. 578, 63 S.W. 621; McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278; Hammond v. Ashe, 103 Tex. 503, 131 S.W. 539; Gonzales v. Laughlin, Tex.Civ.App., 256 S.W.2d 236.

The judgment is affirmed.