HEBERT et al. v. SCURLOCK et al.†
(No. 6923.)

(Court of Civil Appeals of Texas. Galveston. May 28, 1915. Rehearing Denied June 17, 1915.)

1. DRAINS ☞14—PROCEEDINGS—ELECTIONS—ELECTION CONTEST.

Rev. St. 1911, arts. 2568-2571, 2573, 2576, 2577, give the commissioners' court jurisdiction of a petition for the establishment of a drainage district, and the validity of the establishment of the district cannot be collaterally questioned in a contest over the validity of a bond election provided for by articles 2580 and 2581.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 5, 6; Dec. Dig. ☞14.]

2. DRAINS ☞18—ELECTIONS—VOTERS.

Under Rev. St. 1911, art. 2580, declaring that only resident property taxpayers who are qualified voters of a drainage district shall be entitled to vote at bond elections, a qualified voter, who was in fact a property owner, is entitled to vote, though he is not shown by the tax rolls to be a property owner.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 11, 13; Dec. Dig. ☞18.]

3. APPEAL AND ERROR ☞1027 — REVIEW — HARMLESS ERROR.

The refusal of the court in an election contest to cast out alleged illegal ballots is harmless, where, if such ballots had been rejected, it would not have affected the result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. ☞1027.]

4. DRAINS ☞18 — DRAINAGE DISTRICTS — BOND ELECTION.

Rev. St. 1911, art. 2581, requiring every person offering to vote in elections held to issue bonds by a drainage district to take an oath that he is a qualified voter and a resident taxpayer of the proposed district, is merely directory, and a failure to require such oath will not invalidate the election.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 11, 13; Dec. Dig. ☞18.]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Election contest by W. A. Hebert and others against Marvin Scurlock and another. From a judgment against contestants, they appeal. Affirmed.

Lipscomb & Lipscomb, of Beaumont, for appellants. J. D. Wilkerson and Geo. D. Anderson, both of Beaumont, for appellees.

LANE, J. Appellants instituted this suit against Marvin Scurlock and Robert Wilson, county attorney and county judge, respectively, of Jefferson county, Tex., to contest an election held for the purpose of determining whether or not a designated subdivision of Jefferson county should become a drainage district, to be known as drainage district No. 5, and whether the bonds of such district in an amount not to exceed $175,000 should be issued, to be paid by a tax upon the property within said district, said election being held under and by virtue of chapter 4, Revised Statutes 1911, relating to drainage districts.

Contestants allege in the first paragraph of their petition that they are resident citizens of Jefferson county, Tex.; that they reside within limits of the proposed drainage district No. 5 as fixed in an order of the commissioners' court of Jefferson county, on June 8, 1914; that the election contested was held on the 2d day of July, 1914, and the result declared July 13, 1914, as being 92 votes in favor of and 34 against the establishment of said district; that in fact there were only 124 votes cast as shown by the poll list, and of these more than 34 were against creating said district.

By paragraph 2 it is alleged that the order for the election is void for the following reasons: Because the drainage district designated is not intended to be such a drainage district as is contemplated by law, as its establishment would not result in the benefits desired, but would result in injury to the properties of citizens of the county, far more than the sum of $175,000, the amount of the proposed bond issue; that the plan of drainage proposed would not empty the waters drained into the sea or into streams whose natural condition would carry off such waters without damage to lower owners, but said waters would be emptied into existing drainways which are insufficient to carry off the accelerated flow thus emptied into them, and would result in damage to property adjacent to said drainways, both inside and outside of said proposed district; that the persons whose properties would be thus damaged are without adequate means of protection or indemnity, and therefore the establishment of said district is in violation of the drainage law and of the Constitution of Texas and the fourteenth amendment of the Constitution of the United States, since it will deprive said property owners of their property without due process of law; that said proposed drainage is not to be so laid off as to benefit all the lands to be taxed for its maintenance, but chiefly and primarily is for the purpose of furnishing means of drainage for highly valuable lands not within said district; that by said proposed drainage some of the lands included in said district will be benefited and some of it will be damaged; that it is the purpose of those favoring the establishment of said district to discriminate against and to deny some of the owners affected the equal protection of the law; that said designated territory was so laid out as to include those favoring and excluding those opposed to the establishing of said district; that the effect of the creation of such district is to fix unjustly and without the consent of the owners of property discriminated against a lien upon their property without any corresponding benefit; that the proper survey and report as required by law was not made; that said proposed plan is impracticable and cannot be put in successful operation. There are many other similar allegations, but those already stated are sufficient to explain the substance of said paragraph 2.

Paragraph 3 of the petition is as follows:

"For all of the reasons stated in the foregoing paragraphs, which apply equally to the petition for election and to the said order of election, the contestants say the said petition was a fraud upon the rights of these contestants, and others owning property in said proposed district, and was illegal and void for illegality, and therefore the said order for election founded on same was illegal and void."

Contestants also alleged that there was no sufficient notice of said election given; that 30 or more able-bodied persons were carried to the polling places by those interested in said election, and that those so carried voted for the creation of said district, and but for such acts the result of said election would have been different, or at least such acts made it impossible to ascertain the true result. It is further alleged that some persons who voted at said election did not reside in said district, and that others had not resided therein for six months next preceding said election; that of those who voted there were more than 30 who were not sworn, as required by article 2581, Revised Statutes; that about 20 of those who voted were not property taxpayers living within said district.

There are also further allegations of improper, illegal, and fraudulent acts which, if proven, would be legal cause for annulling said election.

Contestees excepted generally to paragraphs 2 and 3 of contestants' petition, because ·it appears from said, paragraphs that the election was held and resulted in the establishment of said drainage district and no legal grounds for contest of the election are set forth therein, which exceptions were by the court sustained, and said paragraphs were stricken out. All other exceptions of contestees were by the court overruled.

Contestees, answering to the merits, specifically deny the wrongs alleged in each of the paragraphs of contestants' petition.

Upon the foregoing pleadings the case was tried before the court, who, after hearing the evidence, rendered judgment against contestants. From such judgment contestants have appealed.

[1] Appellants' first assignment of error is as follows:

"The court erred in sustaining the exception numbered 2a in answer of contestees directed at section No. 2 and subdivisions A, B, C, D, and E thereof in contestants' petition or written statement of their ground of contest."

By article 2568, Revised Statutes 1911, it is provided that when the petition provided for by law, accompanied by the deposit ($200) provided for in article 2602, shall be presented to the commissioners' court, said court shall set said petition down for hearing at some regular or special session of said court called for the purpose, and order the clerk of said court to give notice of the date and place of hearing by posting a copy of the petition and the order of the court thereon in five public places, etc. And by other articles of said chapter 4, it is provided:

"Art. 2569. Upon the day set by said county commissioners' court for the hearing of said petition, any person whose land would be affected by the creation of said district may appear before said court and contest the creation of such district, or contend for the creation of said district, and may offer testimony to show that said district is, or is not, necessary, and would, or would not, be of any public utility, either sanitary, agricultural or otherwise, and that the creation of such drainage district would or would not be feasible or practicable. Said county commissioners' court shall have exclusive jurisdiction to hear and determine all contests and objections to the creation of such district, and all matters pertaining to the same; and said court shall have exclusive jurisdiction in all subsequent proceedings of the district when organized, except as hereinafter provided, and may adjourn hearing on any matter connected therewith from day to day; and all judgments rendered by said court in relation thereto shall be final, except as hereinafter otherwise provided.

"Art. 2570. If, at the hearing of said petition, it shall appear to the court that the drainage of such district is feasible and practicable, and that it is needed, that the drainage would be conducive to the public health, or would be a public benefit or a public utility, then the court shall so find, and cause its finding to be entered of record. * * *

"Art. 2571. After the hearing of the petition as provided for in articles 2569 and 2570, if the court should find in favor of the petitioners, for the establishment of a district according to the boundaries as set out in said petition, or as modified by said court, then the court shall appoint a competent civil engineer. * * * "

"Art. 2573. The civil engineer shall, as soon as practicable, or within such time as may be directed by the county commissioners' court, go upon the premises and land embraced within the district and examine the land intended to be drained and protected by levees, and shall locate the necessary canals, drains and ditches, laterals and levees, and make an estimate of the probable cost of making and completing each of them, and shall also designate the stream or streams and bayous necessary to be cleaned, deepened or straightened, and estimate the cost of each, and shall also estimate the probable cost of maintaining same per year, and shall at once make a detailed report of his work to the court."

"Art. 2576. When such report of the engineer shall have been filed with the clerk of the county commissioners' court, it shall be the duty of said court at its next regular or special session to set such report down for a hearing at some subsequent regular or special session. * * * At the hearing on said engineer's report, any freehold taxpayer of said district whose lands may be affected by said drainage improvements, whether he be a resident of such district or not, may appear and object to any and all of said canals, drains, ditches and levees, for the reason that they are not located at the proper places, or that they are not sufficient in number or capacity to properly drain said territory.

"Art. 2577. If there should be no objection to said report, or if there should be objection thereto, and the court should find that the objections are not well taken, the report shall be approved, and the fact of such approval entered of record on the minutes of said court; but the commissioners' court shall not be confined to the number of drains, ditches, canals or levees, or to the initial point or outlets of same, as located and shown by said report of the engineer, and may change the location of any of said improvements, or may add to the number of same or reduce the number of same, and order the engineer to locate any additional canals, drains, ditches or levees, which levees may be constructed for the purpose of conducting wa-

ters from the lands of said district, or to prevent the overflow of waters from streams or otherwise onto the lands of said district proposed to be drained, or otherwise in aid of said purpose, as directed by the court. * * *"

"Art. 2580. The manner of conducting said election shall be governed by the election laws of the state of Texas, except as herein otherwise provided. None but resident property taxpayers, who are qualified voters of said proposed district, shall be entitled to vote at any election on any question submitted. * * *

"Art. 2581. Every person who offers to vote in any election held under the provisions of this chapter shall first take the following oath before the presiding judge of the polling place wherein he offers to vote, and the presiding judge is hereby authorized to administer same: 'I do solemnly swear (or affirm) that I am a qualified voter of * * * county, and that I am a resident property taxpayer of the proposed drainage district voted on at this election, and I have not voted before at this election.'"

.It is also provided by article 2620, Revised Statutes, that by complying with the conditions mentioned therein, the waters from a newly created district may be drained and emptied into a pre-existing drainway.

Contestants' suit is a contest of an election, and the matters of inquiry should be confined to the acts directly involved in the holding of the election. Whether or not the petition for the drainage district was presented in good faith, and whether or not the commissioners' court properly performed the discretionary duties imposed by law upon it, and whether or not said court erred in its judgment, are not proper matters of inquiry in this suit. County commissioners' courts by law have exclusive jurisdiction to hear and determine all contests and objections to the creation of drainage districts, and all matters pertaining to the same, and these exclusive powers cannot be questioned in a suit brought to contest an election. The contest of an election is a special proceeding authorized by the statute, and the courts are limited in their investigation to such subjects as are specified in the law. Norman v. Thompson et al., 96 Tex. 250, 72 S. W. 62; Kilgore v. Jackson, 55 Tex. Civ. App. 99, 118 S. W. 819; Parker v. Harris County Drainage District, 148 S. W. 351; Wharton County Drainage District v. Higbee, 149 S. W. 381; Stinson v. Gardner, 97 Tex. 287, 78 S. W. 492.

In the case of Parker v. Harris County Drainage District, supra, it is said:

"It is provided in section 3 of the Drainage Act of 1907 [Laws 1907, p. 79] that: 'Said county commissioners' court shall have exclusive jurisdiction to hear and determine all contests and objections to the creation of such district, and all matters pertaining to the same, and said court shall have exclusive jurisdiction in all subsequent proceedings of the district when organized, except as hereinafter provided.' The broad powers here given the court are not limited in any of the particulars pertinent to the case here presented, by any other provisions of the act. We might be prepared to admit that the power here conferred would not preclude an inquiry into the questions as to whether there was any petition for the creation of the district, or a petition with no signers, or that there was no notice at all given, or attempted to be given, of the various steps in the proceedings, or upon the question of the creation of a district totally different from that embraced in the petition. In such cases it might be said that the court was without power to take the first step in the proceedings, and that to impose a special burden of taxation upon the citizen or servitude upon his lands, by the creation of a district under such circumstances, would be to take his property without due process of law within the meaning of the federal and state Constitutions. But that is not the case here presented. There can, we think, be no question that the exclusive jurisdiction conferred upon the court authorized that body to determine whether the petition was void for failure to define the boundaries, whether it was signed by the requisite number of qualified persons, whether the notices called for during the proceedings had been properly posted, and whether the district as finally created conformed in its boundaries to that defined in the petition. If the provision referred to did not include these matters, then the broad language used must be so limited by construction as to rob it of all practical force. The exclusive jurisdiction to hear and determine all contests and objections to the creation of such district, and all matters pertaining to the same does not admit of any construction so limited as to exclude the matters embraced in the contention of appellants. The only question that could be raised would be as to the constitutional authority of the Legislature to confer this jurisdiction upon the court. If they had such powers, then, the commissioners' court, in the exercise of this exclusive jurisdiction, having decided all these questions, no other court has authority to interfere with this exclusive jurisdiction."

In the case of Wharton County Drainage District v. Higbee, 149 S. W. 381, it is said:

"None of the grounds set out were sufficient to authorize the injunction. This is a collateral attack upon the drainage district, which is a public or quasi public corporation. Parker v. Harris County Drainage District, 148 S. W. 351. * * * The invalidity of such a corporation cannot be collaterally attacked upon grounds of failure to comply with the provisions of the law with regard to its creation and organization by such proceedings as is here instituted for that purpose."

In view of the statutes and decisions, quoted from and cited, we conclude that the action of the trial court in sustaining contestees' exception to all of paragraphs 2 and 3 of contestants' petition can no longer be seriously questioned, and we therefore overrule assignment No. 1.

[2] Contestants' second assignment, in effect, insists that before one is qualified as a voter at an election to establish a drainage district, he must be shown to be a property taxpayer by the tax rolls, although in fact he did own property subject to taxation, and that votes cast at the election in question by parties whose names did not appear on the tax rolls were illegal and should have been rejected, although they did in fact own property in said district subject to taxation.

Article 2580, Revised Statutes, provides that resident property taxpayers who are qualified voters of a proposed drainage district shall be entitled to vote at any election on any question submitted, and we are unable to find any authority to support the contention made by contestants in their second assignment. In the case of Hillsman v. Fai-

son, 23 Tex. Civ. App. 398, 57 S. W. 920, the court held that all persons who are qualified voters and live in the district may vote, if they own property subject to taxation, whether they appear on the tax rolls or not. It is not contended by contestants that the persons whose votes are challenged are not in fact property taxpayers, but that some of them did not appear on the tax rolls for either 1913 or 1914, and that others did not appear on the tax rolls of 1913, but only on the rolls of 1914, and still others who did appear on the rolls of 1913, but not on the rolls of 1914. If these contentions be admitted as true, such facts would not render votes cast by such persons illegal. We therefore overrule contestants' assignment No. 2.

[3] Contestants contend that the court erred in declining to cast out the votes of Ashworth, Ramsey, and Le Cour, as it was shown that they did not reside in the district at the time of the election. There is nothing in the record to show whether the court cast out said votes or not, but if it be conceded that he did not do so, such failure could not have changed the result of the election, and therefore if the court committed the error assigned, it would not be cause for reversal. We overrule the third assignment.

Contestants' brief does not contain their fourth assignment, but their next assignment in order, as set out in their brief, is designated as the "fifth and other assignments," and the contentions made are the same as under their second assignment, and are therefore overruled for the same reasons given for overruling said second assignment.

[4] Contestants' seventh assignment insists that the court erred in upholding the validity of the elections, because a great number of votes, greater than the legal majority, were received without swearing the voters as required by law. While article 2581, Revised Statutes 1911, set out in the first part of this opinion, does require that every person who offers to vote in any election held under the drainage law shall take an oath that he is a qualified voter, and that he is a resident property taxpayer of the proposed drainage district, before he votes, it has been uniformly held, we think, that the statute is directory only, and the failure to administer such oath as mentioned would not disfranchise a voter otherwise qualified. McKinney v. O'Connor, 26 Tex. 5; Stinson v. Gardner, 97 Tex. 287, 78 S. W. 492; Kulp v. Railey, 99 Tex. 310, 89 S. W. 958; Altgelt v. Callaghan, 144 S. W. 1166.

What has been said above fully disposes of contestants' eighth assignment, and it is unnecessary to repeat the same under this assignment.

This disposes of all of contestants' assignments; and, as we find no such error committed by the trial court in the trial of this case as would justify or warrant a reversal

of the judgment of the court below, such judgment is in all things affirmed.

Affirmed