**BECRAFT et al. v. WRIGHT, Co. Atty.**

**No. 10423.**

Court of Civil Appeals of Texas. San Antonio.

June 22, 1938.

S. L. Gill and Kennedy Smith, both of Raymondville, for appellants.

Crane & Glarner and R. F. Robinson, all of Raymondville, for appellee.

MURRAY, Justice.

This election contest was filed in the District Court of Willacy County by L. F. Becraft and seven others against Hubert G. Wright, in his official capacity as county attorney of Willacy County. The proceeding was for the purpose of contesting an alleged election held by virtue of the provisions of the so-called Liquor Control Act, as amended, Vernon's Tex.Pen.Code 1938 Supp. art. 666—1 et seq. Contestants, among other things, alleged that certain portions of the Liquor Control Act were unconstitutional and void. The trial court sustained both general and special exceptions directed to the petition, on the theory that in an election contest, such as here presented, it is not proper to go into the question of the validity of the law under which said election is ordered and held. Contestants having refused to amend the cause was dismissed, and from this judgment of dismissal L. F. Becraft and the other contestants have prosecuted this appeal.

The sole question here presented is whether or not in the contest of an election held under the Liquor Control Act (House Bill No. 77, Acts of the Second Called Session of the 44th Legislature, c. 467) the constitutionality and legality of a part of that law may be properly raised as a ground of contest.

It is conceded by appellants that in an election contest held under the general provisions of the election contest statute such questions may not properly be raised. The rule is well stated in Turner v. Allen, Tex.Civ.App., 254 S.W. 630; as follows (page 635):

"In an election contest in the district court, under the statutory provisions of this state, the authority and jurisdiction of the court is limited and confined in the inquiry to matters happening on the day of election, and pertaining strictly to the election, such as the casting and counting of the ballots, and the actions and conduct of the officers holding the election. The contestant must succeed or fail according to the result of the inquiry touching such matters only. Articles 3062 and 3063, Revised Statutes; Canales v. Mullen (Tex. Civ.App.) 185 S.W. 420; Cofield v. Britton [50 Tex.Civ.App. 208] 109 S.W. 493; Bassel v. Shanklin (Tex.Civ.App.) 183 S.

W. 105; Norman v. Thompson, 96 Tex. 250, 72 S.W. [62], 63; Lowery v. Briggs (Tex.Civ.App.) 73 S.W. 1062; Kilgore v. Jackson, 55 Tex.Civ.App. 99, 118 S.W. 819."

However, appellants contend that an election contest, such as the one at bar, should be governed by the provisions of Article 666—40a, Vernon's Penal Code of Texas, 1938 Supplement. That Article provides, among other things, that the court in hearing such a contest shall have jurisdiction and authority to determine questions relating to the legality and the validity of the election. Appellants' contention is that this language is broad enough to authorize the court to consider the question of the constitutionality of the laws under which the election was ordered and held. We overrule this contention. We find nothing in said Article 666—40a which we think should be construed as broadening the general rule in election contests. We are of the opinion that the contest of an election held by virtue of the provisions of the Liquor Control Act should be governed by the same rules as the contest of any other election and, therefore, the trial court properly held that the question of the constitutionality of provisions of the Liquor Control Act could not be raised in this election contest.

The judgment is affirmed.